IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALLISON M. OGBURN and WILLIAM L. OGBURN, : : : | |
| Plaintiffs, : | CIVIL ACTION FILE |
| v. : | NO. 1:13-CV-1641-TWT-AJB |
| BRANCH BANKING & TRUST COMPANY, : : | |
| Defendant. : | |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

The instant action is the second filed against Defendant by Plaintiffs, who are proceeding *pro se*. [*See* Doc. 1-1 at 7, ¶ 20]; *Allison M. Ogburn and William L. Ogburn v. Branch Banking and Trust Company*, 1:11-cv-03460-TWT-AJB (hereinafter "*Ogburn I*"). On October 15, 2012, the Court dismissed the *Ogburn I* action without prejudice pursuant to Rule 41(b), after finding that Plaintiffs had engaged in a pattern of wilful misconduct by failing to follow the Court's orders and local rules, and by allowing their case to languish. *Ogburn I*, Docs. 16, 18-19. Accordingly, when Plaintiffs failed to respond to the motion to dismiss currently pending in this case in accordance with the Federal Rules, the undersigned issued an Order on October 25,

2013, directing Plaintiffs to do so within 14 days. [*See* Doc. 7 at 5-6].[1] Plaintiffs were explicitly warned in the Order that their "[f]ailure to comply shall result in the imposition of sanctions, which may include the dismissal of this action *with* prejudice." [*Id.* at 6] (emphasis in original). The 14 day period has since expired, and Plaintiffs have not responded to the Order or filed a response to the motion to dismiss.

A district court may dismiss a complaint for failure to comply with a court order or the federal rules. *Skillern v. Georgia Dept. of Corrs. Comm'r*, 379 Fed. Appx. 859, 860 (11th Cir. May 17, 2011). *See* FED. R. CIV. P. 41(b); N.D. Ga. R. 41.3A(2); *see also McIntosh v. Gauthier*, 182 Fed. Appx. 884, 886 (11th Cir. May 17, 2006) (stating that Federal Rule of Civil Procedure 41(b) allows a court to dismiss a complaint for failure to comply with a court order, with the federal rules or with the local rules); *Sussman v. Salem, Saxon, and Nielson*, 154 F.R.D. 294, 300 (M.D. Fla.1994) (dismissal appropriate for failure to obey a direct order of the court). "Dismissal is generally not an abuse of discretion when the litigant has been forewarned." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (same). *Sua sponte* dismissal is appropriate "to

---

[1] A full discussion of the procedural history of both Plaintiffs' civil actions against Defendant is set forth in the undersigned's order dated October 25, 2013. *See* [Doc. 7 at 1-4].

prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation omitted).

Because dismissal is considered a drastic sanction, a district court may only implement it, as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice. *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995); *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993) (citing a line of Eleventh Circuit cases that have consistently articulated this standard).

Plaintiffs have failed to comply with a lawful order of the court, despite the fact that even more time has elapsed since the deadline to comply with the Order. The Court concludes that Plaintiffs' failure to comply with the Order is not mere negligence. *See Beavers v. American Cast Iron Pipe Co.*, 852 F.2d 527, 531 (11th Cir. 1988) ("A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum be based on evidence of willful delay; simple negligence does not warrant dismissal."). The Court also has considered whether lesser sanctions would suffice in light of Plaintiffs' failure to comply with the Order. However, just like in

3

*Ogburn I*, Plaintiffs have taken no steps to prosecute their action since the removal was filed by Defendant on May 15, 2013.  Plaintiffs have not responded to the motions to dismiss currently pending before the Court.  [*See* Dkt.].  Nor have Plaintiffs sought to explain to this Court why they need more time to comply with the Order.  As noted, Plaintiffs were warned by the Court that noncompliance with the Order could result in a recommendation of dismissal.

Accordingly, the undersigned **RECOMMENDS** that, pursuant to Federal Rule of Civil Procedure 41(b), Plaintiffs' complaint be **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this the 29th day of November, 2013.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)